Mr. Justice Scott : I concur in the judgment that the act of the legislature in question is unconstitutional. But I base my opinion upon the ground that the rightful granting or refusal of an injunction is the exercise, not of ministerial but of judicial discretion. I hold that the true theory as to the distribution of judicial power under our constitution is, that this entire power was vested by that instrument in the supreme court, circuit courts and justices of the peace, and consequently that none of it has ever been in abeyance since the adoption of the constitution. Nevertheless although this investiture is thus made and for the most part is fixed and beyond the control of the legislature, yet within a limited field it is within legislative discretion. For instance, by the action of the legislature the chancery powers may be made to pass from the circuit court to separate chancery courts whenever their establishment may be deemed expedient. So the circuit courts may be authorized to exercise intermediate subordinate appellate powers. And corporation courts may be erected and vested with such powers as the legislature may deem necessary for such courts. But until the legislature shall deem it expedient to establish separate chancery courts it seems clear to my mind that the chancery powers temporarily vested in the circuit courts are as much beyond the control of the legislature as any powers that are permanently fixed in the curcuit courts. And that while they remain* in the circuit courts although subject to transfer they are as legitimately and as essentially the powers of these courts as any with which they are permanently invested. Now the circuit judge provided for by the constitution is the only functionary who can be authorized under that instrument to exert the judicial powers proper of the circuit courts. And it therefore seems to me that -it would be as competent for the legislature to provide for the creation of an additional judge for each of the circuits and authorize such to exercise some of these powers as to provide for the creation of masters in chancery with like authority ; arid consequently that the one act would be as nugatory as the other. Doubtless if the legislature shall'deemit expedientto establish separate chancery courts these may be so constituted and organized that the masters in chancery might constitutionally exercise the power in question, because they might well devolve upon several functionaries in such separate chancery court system the judicial powers now concentrated in the circuit court „ whose functionary is the circuit judge alone. But until it shall be deemed expedient to establish such separate chancery courts any attempt to do so is in my opinion nugatory.